HYMAN DUBY vs. THE JORDAN HOSPITAL & others.[1]

Plymouth. November 7, 1975. — January 30, 1976.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, & KAPLAN, JJ.

*Physician,* Reappointment to hospital staff. *Contract,* By-laws of charitable corporation. *Constitutional Law,* Equal protection of laws.

The refusal of a board of directors of a hospital to reappoint a doctor for a one-year term did not constitute a breach of contract where the hospital's by-laws provided that the board of directors should consult with the medical staff on the question of reappointment of a staff member and the medical staff had recommended by majority vote that the doctor not be reappointed. [630-631]

Allegations in a bill brought by a doctor against the board of directors of a hospital that the board, in judging the doctor's professional competence, required that he give his patients the "best possible care" whereas the board required of all other doctors on the staff that they have the "skill which physicians practicing at the [hospital] ordinarily possess" were facially insufficient to entitle the doctor to relief on his claim of a denial of equal protection of the laws. [631-632]

BILL IN EQUITY filed in the Superior Court on January 29, 1974.

The suit was heard by *Morse,* J., on demurrer.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*James B. Dolan (David W. Kelley* with him) for the plaintiff.

*Michael J. Lack* for the defendants.

---

[1] The other defendants are Richard B. Tichnor, J. Robert Browning, and Stanley Rzepela, who are named individually and in their capacities as officers of the medical staff of the hospital, and Theodore Waltuch who is named only in his capacity as secretary of the medical staff.

QUIRICO, J. This is the second of two cases which have reached this court involving substantially the same parties and substantially the same sequence of events. In the first case, *Duby* v. *Baron, ante,* 614 (1976), decided this day, we upheld the temporary suspension of the plaintiff by the executive committee of the medical staff of The Jordan Hospital (hospital), following allegations of improper medical and surgical treatment rendered by the plaintiff to a patient. In this case, which involves in large part the same set of facts as those litigated in *Duby* v. *Baron, supra,*[2] the plaintiff contests the subsequent refusal of the board of directors of the hospital, on the recommendation of the medical staff, to reappoint him to the medical staff for the period from October 1, 1973, through September 30, 1974.

In his bill in equity, the plaintiff alleges several grounds for relief, but the only grounds argued in his brief are basically a breach of contract and the violation of the equal protection of the laws guaranteed under the United States Constitution.[3] The defendants demurred to the bill, their demurrer was sustained by an interlocutory decree of a judge of the Superior Court, and a judgment was entered dismissing the bill. The plaintiff appealed from that judgment[4] to the Appeals Court, and we there-

---

[2] For a detailed summary of the facts common to both cases, reference is made to this court's decision in *Duby* v. *Baron, supra* at 615-618.

[3] Although the plaintiff also alleged that he was denied due process of law under the Constitutions of both the United States and the Commonwealth, he has not chosen to present any argument, either in his brief or at oral argument, on the alleged violation of due process, and we therefore treat any issue based thereon as waived. S.J.C. Rule 1:13, 351 Mass. 738 (1967). *Commonwealth* v. *Delorey, ante,* 323, 324 (1975).

[4] The interlocutory decree sustaining the demurrer was entered on April 23, 1974. The judgment dismissing the bill pursuant to the sustaining of the demurrer was entered on October 25, 1974. Thus, the appeal from the judgment is now before us under the provisions of the new Massachusetts Rules of Civil Procedure (see Mass. R. Civ. P. 1A, 365 Mass. 731 [1974]) and the new Massachusetts Rules of Appellate

after transferred the case to this court for direct appellate review. G. L. c. 211A, § 10 (A), inserted by St. 1972, c. 740, § 1. We affirm.

We summarize those additional allegations in the plaintiff's bill which are not covered by the factual summary contained in *Duby* v. *Baron, supra,* and which are necessary to a consideration of this case. For the purposes of this demurrer, we take all of the allegations of fact contained in the bill to be true. *Slaney* v. *Westwood Auto, Inc.,* 366 Mass. 688, 690 (1975). On July 30, 1973, the plaintiff was notified that his staff privileges at the hospital had been suspended temporarily pending the outcome of dismissal proceedings pursuant to art. VI, § 2, par. b, of the by-laws of the hospital's medical staff.[5] Thereafter, he was advised by letter from the chairman of the credentials committee of the nature of the evidence which would be considered at a hearing of that committee to be held on August 16, 1973, in accordance with the applicable by-laws. The hearing was held on that date and was continued to September 20, 1973. The plaintiff and his counsel were invited to attend and participate in the continued hearing. The credentials committee then reported its recommendations to the executive committee of the medical staff, and such recommendations were later forwarded to the entire medical staff for consideration.

A special meeting of the medical staff, which the plaintiff also was invited to attend, was held subsequently on October 1, 1973. At such meeting, the medical staff voted on the question whether to dismiss the plaintiff

---

Procedure (see Mass. R. A. P. 1A, 365 Mass. 845 [1974]), all of which rules took effect on July 1, 1974. Under the earlier practice the case would have been disposed of by a final decree dismissing the bill and the appeal would have been from that decree.

[5] Reference is hereby made to our decision of this date in the case of *Duby* v. *Baron, supra* at 624 n.8, for the text of art. VI, § 2, par. b, of the by-laws of the hospital's medical staff.

from the staff, but, in the language of the plaintiff's bill, "the required two-thirds vote to dismiss the plaintiff was not obtained and consequently the dismissal proceedings were terminated" in accordance with the staff's by-laws.

Thereafter, again in the language of the bill, the plaintiff was "notified that at its regular meeting on September 4, 1973, the Staff had neglected to include his name in the number of those members re-appointed for the fiscal year 1973-1974." The usual practice at the hospital with respect to reappointments to the medical staff in previous years had been for the staff to vote to recommend that all of its members be reappointed.

On October 2, 1973, the credentials committee held a meeting for which the plaintiff received no notice and which he was not invited or allowed to attend. The committee prepared a report recommending that the plaintiff not be reappointed. On October 5, 1973, a special meeting of the medical staff was held regarding the plaintiff's reappointment, and by a simple majority the staff voted to recommend that the plaintiff not be reappointed. On October 11, 1973, the hospital president wrote to the plaintiff (a) informing him that his appointment to the medical staff had been withheld because of the disciplinary proceedings pending against him, (b) notifying him that the executive committee of the board of directors would hold a hearing on October 18, 1973, on the question of his reappointment, (c) giving him a detailed statement of the charges against him, and (d) inviting him to appear "personally and/or by your legal counsel to show why you should be reappointed and to respond to the Credentials Committee's report and transcript."

After the hearing held pursuant to that notice, the executive committee of the board of directors voted on November 6, 1973, not to reappoint the plaintiff, that being the final action by the hospital on the matter. The plaintiff commenced this case on January 29, 1974.

We turn to an examination of the sufficiency of the plaintiff's bill to state a claim on which he is entitled to relief. The plaintiff first alleges that the by-laws of the medical staff constituted a contract between him and the defendants (citing *Sullivan* v. *Barrows,* 303 Mass. 197, 201 [1939]) and that the defendants committed a breach of that contract by dismissing him without a two-thirds vote of the medical staff, which he claims the by-laws required. If we accept the plaintiff's claim that the by-laws give rise to a contract, we do not agree with his argument as to the terms of that contract and as to the nature and effect of the action by the defendants. The argument fails to recognize the distinction, under the medical staff's by-laws, between the dismissal of a member of the medical staff and the decision not to reappoint such a member. The former measure requires adherence to the extensive procedure set forth in art. VI, § 2, par. b, of the staff's by-laws (see note 5, *supra*), which includes a two-thirds vote of the medical staff in favor of dismissal before such procedure can proceed to completion. Reappointment, on the other hand, is governed by an entirely different provision in the by-laws. On the subject of reappointment of a staff member, the by-laws of the medical staff (art. III, § 3) simply provide that "[a]t the end of the fiscal year [October 1st to September 30], the Governing Board of the hospital [board of directors] may reappoint all members of the Medical Staff for a period of one year, provided the Medical Staff has not recommended that any specific appointments not be renewed . . . [and that] [i]n no case shall the Governing Board . . . refuse to renew an appointment . . . without conference with the Medical Staff."

There is no requirement in the by-law provisions on reappointment, as there is in the provisions on dismissal, of a two-thirds vote of the medical staff before the board of directors may act, and the court cannot properly read such a requirement into the provisions on reappointment. All that the by-laws require before the board of directors

act in a case where the reappointment of a particular staff member is at issue is that there be a conference with, and the recommendation of, the medical staff. It is apparent from the plaintiff's bill and the exhibits incorporated therein by reference that these procedural steps were taken. The medical staff by at least a majority vote recommended that the plaintiff not be reappointed,[6] and the recommendation was transmitted to the board of directors for consideration. Moreover, it appears from the plaintiff's bill that he was additionally afforded a hearing, with prior notice thereof, before the executive committee of the board of directors on the question of his reappointment.

The conduct of the defendants, as alleged by the plaintiff, provided the plaintiff with complete protection of any rights which he may have had by virtue of the by-laws or his prior status at the hospital. The plaintiff has thus failed to allege sufficient facts which, if proved, would establish a breach of contract by the defendants.

The plaintiff next alleges that the defendants discriminated against him in violation of the equal protection clause of the Fourteenth Amendment to the United States Constitution. Assuming, but without so deciding, that the defendants were subject to the mandates of the equal protection clause (see *Duby* v. *Baron, supra* at 622-623), we must consider whether the facts alleged by the plaintiff are sufficient to entitle him to relief on that

---

[6] The defendants state in their brief that "[t]he staff voted 24-6 in favor of dismissal at one meeting and 26-5 against a recommendation of reappointment at another (A. 26). Thus, two-thirds of the medical staff present and voting at two meetings voted against a continuation of plaintiff's surgery at the hospital." We find at no place on "A. 26" or elsewhere in the bill or exhibits incorporated therein by reference any statement of the number of staff members who voted for or against a recommendation of reappointment of the plaintiff. Since the ruling sustaining the demurrer must be reviewed on the sole basis of the allegations of the bill and the exhibits incorporated therein, we disregard the statement of such vote contained in the defendants' brief.

ground.    The only allegations in the bill in support of the conclusory claim of unconstitutional discrimination are the following two sentences:    "The defendants in judging the plaintiff's professional competence required that he give his patients the 'best possible care.'    In judging the professional competence of all other doctors on the Staff the defendants have required that skill which physicians practicing at the Jordan Hospital ordinarily possess."

One of the purposes of the medical staff as stated in the staff by-laws is "[t]o insure that all patients . . . admitted to the hospital receive the best possible care." The plaintiff does not allege that the "skill which physicians practicing at the Jordan Hospital ordinarily possess" is anything less than that necessary to ensure that all hospital patients "receive the best possible care."

Perhaps it can be surmised that the plaintiff may be reluctant to make affirmative allegations of fact that the physicians practicing at the hospital do not have the skill required by the quoted section of the medical staff by-laws, but that reluctance does not permit a judge to infer any such fact from the bill's obscure reference to the "skill which physicians practicing at the Jordan Hospital ordinarily possess."    The plaintiff's allegations are facially insufficient to entitle him to relief on his claim of denial of equal protection of the laws.

In view of our conclusions above, we need not consider the question whether the plaintiff who is seeking damages and other relief on allegations that the defendants violated a contract arising out of the medical staff by-laws can himself be excused from complying with the by-laws by the fact, if established, that some other doctors on the staff also may have failed to comply.

*Judgment affirmed.*