The defendant appeals from his conviction of assault and battery after a jury trial in the District Court. He claims that he is entitled to a new trial due to (1) ambiguity in the jury instruction on defense of another, (2) witness testimony which invaded the province of the jury, and (3) improper prosecutorial appeals to sympathy for the victim. We affirm the conviction.
Facts. On the afternoon of June 9, 2016, Julio Parissi, his girl friend, Cindy Flewelling, and their infant child arrived at the North Attleboro home of Parissi's two sons (aged twelve and fourteen), to attend a birthday party for the younger son. The boys lived with their mother, Nancy Chem, and their mother's brothers, Tiny and the defendant, who was also celebrating his own birthday.[2]
Later that night, Parissi and Nancy met with their older son in his bedroom. Nancy scolded the boy about his grades, and he began to cry. According to Flewelling, Parissi then took the boy into a bear hug to comfort him. From outside the room, a woman screamed that Parissi was beating his son and called for help. Tiny and the defendant came into the bedroom and grabbed Parissi, threw him on the bed, and began punching him in the face and head. The defendant continued to punch Parissi after he had been knocked unconscious, causing blood to spatter on the walls.[3]
Flewelling called 911. The police arrived to find Parissi with significant injuries to his face including swollen lips and mouth area, a cut next to an eye and scratches; Parissi also had difficulty speaking. When the police approached the defendant, he appeared intoxicated and volunteered that he had hit Parissi.
Discussion. Jury instructions. The defendant contends that the judge "erroneously intermingled principles of self-defense, and defense of another, creating ambiguity over whether the defendant had a duty to retreat before coming to the aid of [his nephew]." Since the defendant failed to object to the instructions, we review for a substantial risk of a miscarriage of justice. See Commonwealth v. Alphas, 430 Mass. 8, 13 (1999) (claimed error in jury instructions to which no objection made reviewed for substantial risk of miscarriage of justice).
The defendant proceeded on a theory that his actions were initially justified because he was coming to the defense of his nephew, who was being attacked by his father; after successfully getting his nephew out of harm's way, his actions were further justified because he had to protect himself from Parissi, who was then lashing out at him. Following the order of defenses raised by the facts, the judge first instructed the jury on defense of another. He stated that, in order to disprove that the defendant acted in defense of another, the Commonwealth was required to prove that a reasonable person in the defendant's position would not have believed that (1) his use of force was necessary to protect his nephew or (2) his nephew would have been justified in using such force in his own defense. This was a correct statement of the law. See Commonwealth v. Young, 461 Mass. 198, 208 (2012), quoting Commonwealth v. Martin, 369 Mass. 630, 649 (1976). See also Instruction 9.260 of the Criminal Model Jury Instructions for Use in the District Court (3d ed. 2009).
In order for the jury to assess whether it was reasonable for the defendant to have believed that his nephew would have been justified in using force in his own defense, the jury needed to be instructed on when such force is justified. The judge therefore logically went on to instruct on self-defense. Here, the judge shifted to instructing on the defendant's use of force in defense of himself. He stated that, in order to disprove that the defendant acted in self-defense, the Commonwealth had to prove that the defendant (1) did not reasonably believe that he was being attacked or was about to be attacked and that his safety was in danger, (2) did not do everything reasonable in the circumstances to avoid physical combat before resorting to force, or (3) used more force than was reasonably necessary under the circumstances. This was also a correct statement of the law. See Commonwealth v. King, 460 Mass. 80, 83 (2011). See also Instruction 9.260, supra.
We do not view the judge's transition from one instruction to the other to have created a risk that the jury believed that the defendant had a duty to retreat before coming to the aid of his nephew. We do not think it likely that the jury would come to the nonsensical conclusion that the law requires one rendering aid to retreat from the conflict, since doing so would prevent one's ability to defend the person being attacked. See Commonwealth v. Allen, 474 Mass. 162, 171 (2016) ("[G]iven the incompatible nature of intervention and retreat, we do not conclude that reasonable jurors would have construed the instructions as imposing a duty to retreat"). Under the defendant's version of the facts, Parissi had his son pinned against the wall by his throat, making the need for immediate intervention apparent. Under the circumstances, it is implausible that the jury convicted the defendant on the theory that he failed to retreat before pulling Parissi off of the boy. Indeed, it seems apparent that the jury convicted the defendant on the basis of the theory on which the Commonwealth tried the case: that the defendant used excessive force in defense of the child. The jury instructions did not give rise to a substantial risk of a miscarriage of justice.
Testimony invading province of jury. The defendant contends that a police detective's testimony invaded the province of the jury. Specifically, he argues that the detective's testimony concerning his training in victimization allowed him to take on the veneer of an expert opining that Parissi was the victim and the defendant the aggressor, and that this amounted to impermissible vouching for the credibility of the Commonwealth's only percipient witness.
At the beginning of his testimony, the detective briefly reviewed his specialized training: "Training in crime scene processing, interview and interrogation, report writing, photography.... Victimization. All sorts of training." There was no further elaboration on this training. Instead, the prosecutor immediately turned to the detective's involvement in the case. The detective detailed his observations and interviews at the scene. At the conclusion of his testimony, the detective stated that he, in consultation with a supervising officer, "formed the opinion that [the defendant] would be placed under arrest for charges related to the event." There was no attempt to connect the detective's training in victimization to his decision to arrest the defendant. There was also no vouching for any other witness in the case. This unobjected-to testimony of the detective did not create a substantial risk of a miscarriage of justice.[3] See Commonwealth v. Evans, 469 Mass. 834, 841-842 (2014) (without objection, testimony claimed to invade province of jury reviewed for substantial risk of miscarriage of justice).
Appeals to sympathy. The defendant claims that the prosecutor made improper appeals to sympathy in his opening statement and closing argument, to which there were no objections. See Commonwealth v. Qualls, 440 Mass. 576, 586 (2003) (failure to object to opening and closing results in review for substantial risk of miscarriage of justice). In the opening, the prosecutor stated that the crime took place at the birthday party of Parissi's son, that Parissi was no longer with his son's mother but was invited to the party, and that he attended with his girl friend. We discern no appeal to sympathy in these factual statements which simply set the scene. In the closing, the prosecutor stated that the defendant continued to punch Parissi after he was unconscious, resulting in blood-spattered walls. Again, this was not an improper appeal to sympathy but a proper argument grounded in the evidence and relevant to the issue whether the defendant used excessive force. The fact that the defendant's blows caused blood to spatter on the walls gave the jury some indication of the degree of force used. The prosecutor's statements did not create a substantial risk of a miscarriage of justice.
The defendant did object (although somewhat belatedly) to Flewelling's initial appearance on the witness stand holding an infant, revealed to be the child of Parissi. Contrary to the defendant's claim, however, the record does not reflect that the prosecutor was aware that the witness would appear with a child. The prosecutor indicated that he had understood that there would be a caretaker for the child. Upon objection, the judge excused the jury for an early lunch, allowing the witness to make childcare arrangements. In moving for a mistrial, the defendant made no claim of intentional prosecutorial misconduct. The judge found no such misconduct, and concluded that the five-minute episode caused no prejudice. The defendant asked for no other relief. In his final charge, the judge reminded the jurors of their duty to remain impartial and not to be swayed by sympathy.
Although we recognize that the display of the victim's child at trial had the potential to elicit sympathy, the episode was brief and isolated, and the case against the defendant was strong. Cf. Commonwealth v. Santiago, 425 Mass. 491, 496-498 (1997), S.C., 428 Mass. 39, cert. denied, 525 U.S. 1003 (1998) (repeated appeals to sympathy for victim in close case contributed to necessity to reverse conviction). There was no prejudicial error.
Judgment affirmed.

We refer to certain individuals by their first names to avoid confusion among those who share surnames.

Parissi's older son testified that his parents came into his bedroom at the end of the party. Parissi was drunk and began to scold him about his grades. The boy asked his father to leave the room so he could get some sleep before school the next day. Parissi then punched the boy in the stomach and held him against a wall with his hand around his throat. The boy then called out for the defendant, who came into the bedroom with Tiny. Together, Tiny and the defendant restrained Parissi. When they let go of him, Parissi took a swing at the defendant but missed. The defendant swung back and hit Parissi and continued to hit him. Tiny had to pull him off of Parissi. The defendant testified consistently with this version of events, except he indicated that he stopped beating Parissi on his own, when Tiny told him that Parissi had been knocked out.

The defendant did object to the detective's reference to Parissi as the victim. Although the word "victim" should be avoided at trial, in these circumstances, see Commonwealth v. Cadet, 473 Mass. 173, 181 (2015), the jury likely understood the detective's use of the term to refer to the injured person he came upon at the scene. In view of the isolated use of the term in this context, we discern no prejudicial error.